UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
BROOK FADLEY,                              :
                                           :     CASE NO. 1:12-CV-3084
         Plaintiff,                        :
                                           :
v.                                         :     OPINION & ORDER
                                           :     [Resolving Doc. No. 1, 11, 21, 22]
CAROLYN W. COLVIN,                         :
Acting Commissioner of Social Security,    :
                                           :
         Defendant.                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 20, 2012, Plaintiff Fadley filed a complaint seeking review of Defendant Commissioner of Social Security's decision to deny her disability insurance benefits and supplemental security income.[1] The Court referred the petition to Magistrate Judge George J. Limbert for a Report and Recommendation. On February 12, 2014, Magistrate Judge Limbert issued a report recommending this Court affirm the Commissioner's decision.[2] On February 24, 2014, Plaintiff Fadley filed an objection to the Report and Recommendation.[3] For the following reasons, the Court **REMANDS** this case to the Administrative Law Judge ("ALJ") for further administrative proceedings.

**I. Factual and Procedural Background**

On March 17, 2009, Plaintiff Fadley filed an application for benefits alleging disability,

---

[1] Doc. 1.
[2] Doc. 21.
[3] Doc. 22.

Case No. 1:12-CV-3084
Gwin, J.

claiming to suffer from fibromyalgia, depression, anxiety, and related issues.[4]

The Social Security Administration denied Fadley's application initially and on reconsideration.[5]

On June 20, 2011, ALJ Tom Duann held a hearing to review Fadley's claim.[6] At the hearing, the ALJ questioned Vocational Expert Oggins about jobs available in the economy.[6] Specifically, ALJ Duann asked Vocational Expert Oggins whether there would be jobs available in the economy to an individual who could only perform "light work; frequent ramps and stairs; occasional ladder, ropes, scaffolds; occasional stooping, kneeling, crouching, crawling; no concentrated exposure to extreme cold and vibration; along with the mental limitation of low stress . . . ."[7] The Vocational Expert indicated that such jobs existed.[8]

The ALJ's decision upheld the Social Security Commissioner's denial of benefits, finding (1) that Fadley had the residual functional capacity ("RFC") to perform "light work" with some physical limitations, work that does not involve "concentrated exposure to extreme cold and vibration," and "low stress" tasks, and (2) that such jobs exist in the national economy.[9]

Fadley thereafter sought review in this Court, and under Local Civil Rules 72.2 and 16.3.1. The Court referred the case to Magistrate Judge Limbert for a Report and Recommendation. Magistrate Judge Limbert recommends that this Court affirm the Commissioner's denial of her

---

[4] Doc. 12 at 5.
[5] *Id.* at 80, 85, 89, 93, 98, 102, 105, 109.
[6] *Id.* at 45.
[6] *Id.* at 64.
[7] *Id.* at 65-66.
[8] *Id.* at 65-67.
[9] *Id.* at 33, 37-39.

Case No. 1:12-CV-3084
Gwin, J.

disability insurance benefits and supplemental security income..[10/]

On February 24, 2014, Plaintiff Fadley objected to the Magistrate Judge's Report and Recommendation.[11/]

## II. Legal Standard

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial gainful activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[12/] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[13/] The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy.[14/]

The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[15/]

A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court determines only whether the ALJ's decision is "supported by

---

[10/] Doc. 21.
[11/] Doc. 22.
[12/] 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).
[13/] *See* 20 C.F.R. § 416.920(a).
[14/] *See id.*
[15/] *See* 28 U.S.C. § 636(b)(1).

Case No. 1:12-CV-3084
Gwin, J.

substantial evidence and was made pursuant to proper legal standards."[16]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion."[17] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[18] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[19] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[20] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[21]

### III. Analysis

In her objection, Plaintiff says that, in spite of evidence supporting that Plaintiff had a pace limitation, the ALJ failed to include a pace limitation in the RFC.[22] Plaintiff also says that the ALJ's hypothetical question to the vocational expert did not adequately describe her pace limitation.

The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability."[23] At Step Five, the ALJ must analyze whether work exists in the economy that an individual can perform and "[e]ven if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors

---

[16] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[17] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks omitted).
[18] *See id.*
[19] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[20] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[21] *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6 Cir. 1987).
[22] Doc. 22.
[23] 20 C.F.R. § 416.92 (a).

Case No. 1:12-CV-3084
Gwin, J.

(age, education, skills, etc.), she is not disabled."[24/] This step places the burden on the Commissioner to prove there is work available that the claimant can perform.[25/]

At Step Five, an ALJ must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs."[26/] "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question."[27/]

However, if an ALJ relies on a Vocational Expert's testimony in response to a hypothetical, in order for the Vocational Expert's testimony to constitute substantial evidence, that hypothetical must accurately portray the claimant's limitations.[28/]

An omission of speed and pace-based restrictions from a hypothetical question is reversible error and restrictions to "simple" or "low stress" work do not sufficiently incorporate a claimant's moderate limitations in concentration, persistence, and pace.[29/]

Here, the record supports Plaintiff's contention that the ALJ erred by failing to incorporate pace-based restrictions into his hypothetical to the Vocational Expert and, ultimately, into his RFC determination. Medical evidence from Dr. Khan and Dr. Zerba found Plaintiff had "moderate" difficulties with regard to pace.[30/]

---

[24/] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir.1997).

[25/] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

[26/] *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (alteration in the original) (citations and internal quotation marks omitted).

[27/] *Id.* (citation and internal quotation marks omitted).

[28/] *Id.*; *Ealy*, 594 F.3d at 516-17; *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (explaining that, although an ALJ need not list a claimant's medical conditions, the hypothetical should provide the Vocational Expert with the ALJ's assessment of what the claimant "can and cannot do").

[29/] *Ealy*, 594 F.3d at 516-17.

[30/] *See* Doc 12 at 467, 472 (Dr. Khan finding Plaintiff "moderately limited" in her "ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"); *id.* at 456 (Dr. Zerba finding moderately limited Plaintiff's ability "to withstand stress and pressures of day to day work activity . . . due to depression and anxiety regarding
(continued...)

Case No. 1:12-CV-3084
Gwin, J.

The ALJ's hypothetical to the Vocational Expert (and ultimately the ALJ's RFC), however, omitted any pace-based restrictions.[31] In light of the medical evidence in the record, the ALJ's hypothetical did not adequately describe Plaintiff Fadley's mental limitations. Accordingly, the Vocational Expert's testimony does not constitute substantial evidence to support the ALJ's decision at Step Five and the Court must remand.

## IV. Conclusion

For the foregoing reasons, the Court **REMANDS** this case to the ALJ for determination of whether jobs would be available in the economy that Plaintiff Fadley could perform with her pace restriction.

IT IS SO ORDERED

Dated: March 18, 2014                     s/ *James S. Gwin*

                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[30](...continued)
physical symptoms").

[31] The ALJ's RFC and hypothetical to the Vocational Expert just combined "light work" and "low stress" with a additional physical limitations. *See id.* at 59-61.